UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LISA BARNHILL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21cv1377 (AJT/WEF) |
| ) | |
| MERRICK GARLAND, ) | |
| *U.S. Attorney General*, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

U.S. Attorney General Merrick Garland ("the Government") is the prevailing party in this employment discrimination case. As such, the Government is seeking reimbursement from Plaintiff Lisa Barnhill ("Plaintiff") for costs associated with this litigation, as authorized by Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54(D). Plaintiff objects to awarding costs to the Government, or in the alternative, seeks a stay of the matter pending an appeal of the Court's dismissal of Plaintiff's case. These issues were referred to the undersigned magistrate judge under Local Civil Rule 54(D) to prepare a report and recommendation for the Court.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the undersigned is filing with the Court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties. For the reasons set forth below, the undersigned recommends that the Court overrule Plaintiff's objections to the Government's claimed costs, award the Government costs in the amount of $7,427.50, and deny Plaintiff's motion to stay.

---

[1] Local Civil Rule 54(D) states that "[i]f objections are filed and the Clerk is unable to determine all or some of the properly chargeable costs, the application for such costs shall be referred to the judge who presided over the trial or, at the discretion of that judge, to a magistrate judge for report and recommendation under 28 U.S.C. § 636(b)(1)(B)."

1

**Relevant Procedural Background**

On December 10, 2021, Plaintiff filed a Complaint alleging that her employer, the United States Drug Enforcement Administration ("DEA"), discriminated against her in violation of Title VII of the Civil Rights Act. (Doc. No. 1). In a single count, Plaintiff alleged she was subjected to discrimination based on her race and gender, and that her DEA supervisors retaliated against her for engaging in protected activity. *Id*. Plaintiff further alleged that at least part of the retaliation occurred because she filed a complaint against the DEA with the Equal Employment Opportunity Commission ("EEOC"). *Id*.

On February 28, 2022, the Government filed its first Motion to Dismiss for Failure to State a Claim. (Doc. No. 12). On October 19, 2022, the Court partially granted the Government's Motion to Dismiss finding that Plaintiff failed to state a claim for discrimination based on race and gender, and, similarly, that Plaintiff failed to state a claim that she suffered any retaliation prior to filing the EEOC complaint. (Doc. No. 21). The Court denied the Government's Motion to Dismiss as to Plaintiff's claims of retaliation and hostile work environment based on her filing the EEOC complaint. *Id*.

On December 8, 2022, the Court granted Plaintiff's Motion to File an Amended Complaint. (Doc. No. 33). Plaintiff's Amended Complaint realleged the same claims that were previously dismissed by the Court. (Doc. No. 26). On December 22, 2022, the Government filed its second Motion to Dismiss for Failure to State a Claim, seeking only to dismiss the same claims previously rejected by the Court. (Doc. No. 36). On April 7, 2023, the Court again dismissed "all claims for racial and gender discrimination" as well as most of Plaintiff's allegations of retaliation. (Doc. No. 54). The Court once more allowed the claims for retaliation and retaliatory hostile work environment based on Plaintiff's filing of an EEOC complaint to proceed. *Id*. However, on July

31, 2023, the Court granted the Government's Motion for Summary Judgment (Doc. No. 51) as to Plaintiff's remaining claims of retaliation. (Doc. No. 63). The effect of the Court's rulings on the Government's Motion to Dismiss (Doc. No. 54) and the Government's Motion for Summary Judgment (Doc. No. 63) was to dismiss all of Plaintiff's claims in this case.

On August 14, 2023, pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54(D), the Government, as the prevailing party, filed its Bill of Costs using form AO 133 for fees associated with "printed or electronically recorded transcripts necessarily obtained for use in the case," totaling to $7,427.50. (Doc. No. 65). The Government attached five invoices to the Bill of Costs that included the costs to obtain the deposition transcripts and accompanying exhibits for the following deponents: Stephen Azzam ($700.00); Irvin Reaves ($482.50); Pamela Lee ($798.00); William Roy Glaspy ($566.50); Joseph Shepherd ($1,065.00); Raymond Keith Brown ($1,358.50); and Plaintiff Lisa Barnhill ($2,457.00). (Doc. Nos. 65-2–65-5). According to the invoices, not all depositions included exhibits, and for the deposition of Plaintiff, the invoice reflects two additional charges designated as "Depo Intermediate Delivery" and "Alex Depo Hourly Attendance." (Doc. No. 65-4). The Government subsequently submitted documentation from the transcript vendors confirming that the Government did in fact pay the invoices attached to the Bill of Costs. (Doc. No. 76).

On August 25, 2023, Plaintiff filed her objections to the Government's Bill of Costs and also filed her notice of appeal to the United States Court of Appeals for the Fourth Circuit, appealing the Court's July 31, 2023 Order granting the Government's Motion for Summary Judgment (Doc. No. 63) and the Court's April 7, 2023 Order granting the Government's Motion to Dismiss (Doc. No. 54). (*See* Doc. Nos. 67, 68). That same day, Plaintiff filed the Motion to Stay Costs. (Doc. No. 69). On August 31, 2023, the Government filed its response to Plaintiff's

objections to the Bill of Costs (Doc. No. 73) and its opposition to Plaintiff's Motion to Stay Costs (Doc. No. 74). On October 6, 2023, the undersigned heard argument of counsel and took the matter under advisement to prepare a Report and Recommendation. (Doc. No. 77).

### Plaintiff's Objections to The Government's Bill of Costs

The Government filed its Bill of Costs after prevailing on its Motion to Dismiss and its Motion for Summary Judgment, which together dismissed all of Plaintiff's claims in this case. The Government argues its Bill of Costs totaling $7,427.50 should be assessed against the Plaintiff under Fed. R. Civ. P. 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."

After the prevailing party provides a bill of costs, the Clerk taxes the costs. *See* Local Civil Rule 54(D). "By mandating that . . . costs be allowed to a prevailing party 'as a matter of course,' the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The court may only overcome this presumption by "articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). As the language of Fed. R. Civ. P. 54(d) gives rise to a presumption that costs are awarded to the prevailing party, it is "incumbent upon the unsuccessful party to show circumstances sufficient to overcome [this] presumption." *See Ellis v. Grant Thornton LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011).

The Government's request represents "only those costs necessarily incurred to secure transcripts for the six depositions that Plaintiff herself took and noticed as well as the one deposition of the named Plaintiff that [the Government] took." (Doc. No. 73, at 1). Nevertheless, Plaintiff offers a series of objections to the Bill of Costs pursuant to the procedures set forth in Local Civil Rule 54(D)(2), and asks the court to deny the costs, either in whole or in part. (Doc.

4

No. 67, at 1).

*Plaintiff's Claim that Taxing Costs in this Case is Contrary to Public Policy*

Plaintiff argues that taxing costs in discrimination and retaliation cases generally is contrary to public policy because it will deter future litigants with potentially meritorious civil rights claims from seeking redress in federal court. (Doc. No. 67, at 2). However, the Fourth Circuit clearly rejected this precise public policy exception to Fed. R. Civ. P. 54(d)(1). *Cherry*, 186 F.3d at 448. The Government properly summarizes the Fourth Circuit's *Cherry* decision which – unlike the authority cited by Plaintiff – is controlling law in this Circuit:

> In *Cherry*, the Fourth Circuit held "[t]he language of Rule 54(d)(1) does not provide that the presumptive award of costs may be defeated because of the nature of the underlying litigation," and instead it "applies to *all* cases, including Title VII cases." Title VII "already contains incentives to serve the public interest as identified by Congress," and "it is not for the district courts to add a similar type of provision as an exception to Rule 54(d)(1)." (Doc. No. 73, at 3) (citing *Cherry*, 186 F.3d at 448).

The Government also correctly notes that courts in this Circuit "routinely tax costs against plaintiffs asserting employment discrimination and retaliation claims against an employer who has prevailed in the case." (citations omitted) (Doc. No. 73, at 3-4).

It is well-settled that the public policy exception to Fed. R. Civ. P. 54(d)(1) that Plaintiff urges the Court to adopt has been carefully considered and clearly rejected in this Circuit. For these reasons the undersigned recommends the Court overrule Plaintiff's public policy objection to awarding the requested costs in this case.

*This Case Did Not Raise Close or Difficult Issues That Would Render the Taxing of Costs Unreasonable*

Even though Fed. R. Civ. P. 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award when under the facts of the particular case there would be an element of injustice in a presumptive cost award. *Cherry*,

186 F.3d at 446.  The Fourth Circuit has recognized certain factors that would justify denying an award of costs, such as: (1) misconduct by the prevailing party worthy of a penalty; (2) the losing party's inability to pay; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.  *Id*.

Here, the only argument advanced by Plaintiff along these lines is that the legal and factual issues in this case were "difficult" and required "extensive briefing."  (Doc. No. 67, at 5-6).  However, Plaintiff fails to identify any complex legal issues or challenging set of facts that would distinguish this case from the heartland of discrimination and retaliation cases commonly filed in federal court.  Plaintiff also fails to identify any other similarly situated Plaintiff in this Circuit who prevailed on a similar argument with analogous facts.  Rather, Plaintiff simply argues that because some theories were dismissed for failure to state a claim while others were not dismissed until summary judgment, somehow suggests this case was exceptionally difficult.  (Doc. No. 67, at 5).  The undersigned finds the reason some theories were dismissed upon the Government's Motion to Dismiss while other claims were dismissed upon the Government's Motion for Summary Judgment is a reflection of the different legal standards and issues presented by the two motions and not because of the difficulty of the case.  Plaintiff's argument that the difficulty of this case is sufficient to rebut the presumptive award of costs to the prevailing party is belied by the fact that the Court found Plaintiff's claims insufficient as a matter of law.  Plaintiff was unable to satisfy the forgiving standards of either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56.  *See, e.g, Grochowski v. Science Applications Int'l Corp.*, Civil Action No. ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) ("Courts that have denied costs based on [the difficulty of the case] have generally done so following a lengthy trial that adjudicated novel issues.").  In fact, after a review of all filings by both parties, the undersigned finds that the issues raised by Plaintiff

were not novel but were, in fact, quite common and required the District Judge to apply basic facts to the well-established elements of a Title VII claim.

For these reasons the undersigned recommends the Court overrule Plaintiff's objection to awarding the requested costs on the grounds that the case presented difficult or close issues.

*Plaintiff's Claim that Certain Depositions were Unnecessary*

Next, Plaintiff objects to the taxation of costs for the depositions of Joseph Shepherd, Pamela Lee, and Irvin Reaves "on the grounds that [the Government] did not use them or did not use them to a substantial degree" in support of its Motion for Summary Judgment (Doc. No. 67, at 3). Plaintiff argues that depositions "not actually utilized by the movant" are not taxable. *Id*. To the contrary, courts in the Fourth Circuit have consistently held that "the test is not whether the depositions were actually used at trial or in the briefing of a dispositive motion, but whether they were reasonably necessary at the time of [their] taking." *Cook v. Magellan Health Services, Inc.*, No. 1:12-cv-1084 (LMB), 2013 WL 2152638, at *2 (E.D. Va. May 15, 2013) (internal quotation and citation omitted). To be necessary, a deposition need only be relevant and material to preparation in the litigation. *See Jafari v. Old Dominion Transit Mgmt. Co.*, No. 3:08-cv-629, 2014 WL 108898, at *3 (E.D. Va. Jan. 10, 2014); *Davis v. Comcast Corp., Inc.*, No. 1:13-cv-1513 (GBL), 2016 WL 8261737, at *3 (E.D. Va. Dec. 2, 2016) ("where a deposition is taken in compliance with the Federal Rules of Civil Procedure governing discovery, a court within the Fourth Circuit is likely to consider the deposition necessarily obtained for use in the case") (internal quotation omitted).

Here, Plaintiff has not argued that the depositions she noticed and took of Shepherd, Lee, and Reaves were not reasonably necessary at the time they were taken. Obviously, Plaintiff believed the depositions were necessary as evidenced by the fact that she noticed the depositions

in the first place. The record reflects that each of the challenged depositions were objectively reasonable and necessary under the circumstances. Shepherd, Lee, and Reaves were all DEA employees with personal knowledge of the issues raised in Plaintiff's Complaint. (*See* Doc. Nos. 52, at 2-4; 56). Despite Plaintiff's claim, both the Government and Plaintiff relied on all three depositions in their summary judgment briefing and attached excerpts of the transcripts as exhibits. Specifically, the Government cited Shepherd's and Lee's depositions in its initial brief in support of its Motion for Summary Judgement. (Doc. Nos. 52; 52-1, Exh. 9; 52-8, Exh. 37). Plaintiff cited Shepherd's, Lee's, and Reaves' depositions in its Opposition to the Government's Motion for Summary Judgement. (Doc. Nos. 56; 56-1, Exhs. A, F, H). Finally, the Government cited Shepherd's and Reaves' depositions in its reply brief. (Doc. Nos. 57; 57-1, Exhs. 52, 53).

Even if the Government only used portions of the deposition testimony or had not relied on these transcripts at all, it still would have been reasonable for the Government to review the transcripts used by Plaintiff in her opposition in preparation for rebuttal. (Doc. No. 73, at 6); *see Cook*, 2013 WL 2152638, *2 (overruling plaintiff's objection to the inclusion of deposition transcript expenses in defendant's Bill of Costs after finding that it was reasonable for defense counsel to review depositions cited by plaintiff in her opposition brief in preparation for rebuttal); *see also Francisco v. Verizon South*, 272 F.R.D. 436, 443 (E.D. Va. 2011) (finding that it was reasonably necessary for defendant to order transcripts in each of the eight depositions taken by plaintiff to prepare for plaintiff's opposition to defendant's summary judgment motion).

Moreover, all three deponents appeared on the Government's and Plaintiff's trial witness list, and a jury trial was scheduled before the District Judge. (Doc. No. 73, at 7; *See* Doc. Nos. 43, 45, 49). Even if a final trial date had not yet been scheduled, it was reasonable for counsel to obtain the deposition transcripts in preparation for trial. *See Cook*, 2013 WL 2152638, *1-2

8

(holding that the cost of depositions, including transcript fees, are taxable if they were incurred to prepare for trial); *see also Simmons v. O'Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002) ("Reasonable trial preparation . . . ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses.").

Plaintiff also argues that all but one of the depositions at issue were depositions that Plaintiff took of the Government's witnesses, and the Government only needed affidavits or declarations of its witnesses, rather than the deposition testimony, to support its Motion for Summary Judgment.  (Doc. No. 67, at 3-4).  Here again, Plaintiff fails to cite any Fourth Circuit authority – or any authority at all – that would suggest the Government was obligated to attach an affidavit or declaration of its witnesses in lieu of deposition testimony.  In fact, such a finding would seem to directly contradict the plain language of Fed. R. Civ. P. 54(d)(1) and the well-settled precedent of this Circuit.  Plaintiff once again ignores the fact that these costs were incurred by the Government because she demanded these depositions be taken.

For these reasons, the undersigned recommends the Court find that the depositions challenged by Plaintiff were reasonably necessary at the time of their taking and therefore Plaintiff's objections on this basis should be overruled.

*Plaintiff's Objections to Costs Associated with Plaintiff's Deposition*

Plaintiff objects to the invoice for the Government's deposition of Plaintiff on the grounds that the Government "ordered an intermediate delivery at a higher page rate," and the additional charge of "Alex Depo Hourly Attendance" was unnecessary and excessive.  (Doc. No. 67, at 4). The item listed as "Alex Depo Hourly Attendance" on the invoice for Plaintiff's deposition refers to the cost of attendance for the court reporter who transcribed Plaintiff's deposition.  (Doc. No.

9

73, at 7).

As noted earlier, the Fourth Circuit has held that the "prevailing party is entitled to reimbursement of all costs incident to the deposition, including the cost of the court reporter's attendance and the deposition transcript cost." *See Francisco*, 272 F.R.D. at *444. There is no question that Plaintiff's deposition was reasonably necessary at the time of its taking, and as such, the Government is entitled to the cost of the court reporter's attendance. Further, the undersigned recommends a finding that the Government's decision to order Plaintiff's deposition transcript on an expedited basis was neither excessive nor unnecessary and is therefore an appropriate cost to be taxed. "Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service." *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010).

Plaintiff's deposition was taken one week before the final pretrial conference, and the Government, at that time, did not know the dispositive motion briefing schedule. (Doc. No. 73, at 8; *see* Doc. No. 48.) The Government correctly anticipated its need to quickly receive, review and incorporate Plaintiff's deposition testimony into its summary judgment motion and therefore ordered the transcript on a slightly expedited schedule. Indeed, the dispositive briefing schedule was set by the District Judge at the final pretrial conference, and the Court ordered that the Government file any summary judgment motion within three-and-a half weeks of the conference. *Id*. Given the Government's reasoning as to the need for the expedited deposition transcript of the Plaintiff, the Court recommends a finding that the Government has shown the requisite necessity for doing so. *See, e.g., Ford*, 708 F. Supp. 2d at 562 ("the Court does not find that is was unreasonable [for needing expedited transcripts of depositions] given that those depositions occurred within approximately a month of when the defendant ultimately filed his motion for

summary judgment").[2]

For these reasons the undersigned recommends the Court overrule Plaintiff's objection to awarding the requested costs associated with the taking of Plaintiff's deposition.

*Plaintiff Claims the Government's Copying Expenses are Not Taxable*

Plaintiff argues that the Government's copying expenses for exhibits in three of the deposition transcripts are not taxable and objects to the Government's inclusion of these charges. (Doc. No. 67, at 5). Similar to the costs associated with court reporters, courts in the Fourth Circuit have also held that "the exhibits associated with a deposition are properly considered part of the record of that deposition." *See Amdocs (Israel) Limited v. Openet Telecom, Inc*., No. 1:10cv910 (LMB), 2013 WL 1192947, at *5 (E.D. Va. Mar. 21, 2013). Here, copies of the exhibits used in the depositions were particularly necessary because the depositions were remote and "Plaintiff's counsel did not provide [the Government's] counsel with copies of any of the exhibits." (Doc. No. 73, at 9). Plaintiff argues that the exhibits were previously provided to the Government in discovery and that should preclude assessing costs associated with copying the exhibits. Once again, Plaintiff cites no authority for this position. Taxing costs associated with copying exhibits specifically identified for use in a deposition is reasonable under the circumstances and has the added benefit of promoting cooperation between counsel and a more efficient discovery process.

For these reasons, the undersigned recommends the Court overrule Plaintiff's objection to assessing costs for copying exhibits used by Plaintiff in the depositions.

---

[2] Although not specifically raised by the Plaintiff, it is important to note in assessing the reasonableness of the costs, that the Government ordered a single copy of each deposition taken by Plaintiff and ordered an original transcript only for Plaintiff's deposition taken by the Government. This is neither excessive nor unnecessary. *See Bd. Of Dirs., Water's Edge v. Anden Grp.*, 135 F.R.D. 129, 134 (E.D. Va. 1991) (holding that the prevailing party may recover costs associated with one copy of a deposition taken by the losing party as well as an original and one copy of a deposition taken by the prevailing party).

*Plaintiff Claims the Government Failed to Provide Documentation of Payment*

Finally, Plaintiff objects to the invoices for the deposition transcripts on the "additional ground that [the Government] has not shown that it actually paid the invoices." (Doc. No. 67, at 4). Plaintiff contends that "without records of payment, Plaintiff has no way of knowing whether [the Government] negotiated lesser rates for payments than those shown on the invoices." *Id*. at 5. In response to Plaintiff's objection, the Government filed a supplemental notice that included documentation from the deposition transcript vendors confirming that the Government did pay the invoices for the deposition transcripts at issue. (Doc. No. 76). Thus, the undersigned recommends that the Court find this supplemental documentation sufficient to prove that the Government did in fact pay the amounts listed on the deposition transcript invoices, and therefore overrule Plaintiff's objection.

*Conclusion*

The undersigned recommends that the Court find Plaintiff's objections to the Government's Bill of Costs unpersuasive, and that Plaintiff has failed to show circumstances sufficient to overcome the presumption favoring an award of costs to the Government. Accordingly, the undersigned recommends that the Court overrule Plaintiff's objections to the Government's Bill of Costs and award the Government costs in the requested amount of $7,427.50.

**Plaintiff's Motion to Stay Adjudication of Bill of Costs Pending the Appeal**

In the alternative, Plaintiff separately filed her Motion to Stay (Doc. No. 69), arguing that if the Government's Bill of Costs is not denied, then payment of the costs should be stayed pending the appeal. First, Plaintiff argues that granting the stay will save time and expenses associated with adjudicating the Bill of Costs if the appellate review makes the adjudication unnecessary. In support of her argument, Plaintiff cites to case law in the United States District Court for the

Eastern District of Tennessee which held that such costs should not be taxed until the appellate process is complete. (*See* Doc. No. 69 (*citing Brown v. American Enka Corp.*, 452 F. Supp. 154, 160 (E.D. Tenn. 1976)). However, Plaintiff has failed to cite any authority from this Circuit in which a Bill of Costs was deferred pending an appeal. In fact, courts in this District have declined similar requests to stay adjudication of costs when there is a pending appeal. *See, e.g., Corepex Technologies, Inc. v. WH Administrators, Inc.*, No. 1:17-cv-26 (LMB), 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017) ("Although the time dedicated to evaluating the Bill of Costs pre-appeal may be wasted if [Plaintiff] succeeds in its appeal, imposing the taxation of costs now allows [Plaintiff] to bring any appeal related to the Bill of Costs together with its appeal of the decision on the underlying merits.").

Next, Plaintiff argues that if this request is denied and costs are taxed and paid by Plaintiff, then she would be burdened upon successful appellate review to recover those payments. (Doc. No. 69, at 1). Plaintiff has not provided any explanation as to how she would be burdened other than the conclusory statement that it would be burdensome to recover "those payments" if the appeal was successful. (Doc. No. 69, at 1). Moreover, during the October 6, 2023 hearing before the undersigned, the Government orally represented that as a matter of practice it does not seek payment of costs from plaintiffs until appellate review is complete and the Government will continue that practice in this case as well. (Doc. No. 77).

For these reasons, the undersigned recommends that the Court deny Plaintiff's Motion to Stay Costs.

## Recommendation

For the reasons outlined above, the undersigned United States magistrate judge recommends the Court overrule Plaintiff's objections to the Government's Bill of Costs and award

13

the Government its Bill of Costs, for the total amount of $7,427.50.  The undersigned further recommends that the Court deny Plaintiff's Motion to Stay Costs.

### Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

December 18, 2023
Alexandria, Virginia